10-1175-cv, 10-1201-cv, 10-1352-cv
DISH Network Corp. v. DBSD North America, Inc., Sprint Nextel Corp. v. DBSD North America, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

ORDER

(Argued in tandem: August 5, 2010          Decided:   December 6, 2010)

Docket Nos. 10-1175, 10-1201, 10-1352

Before:      ROSEMARY S. POOLER,
           REENA RAGGI,
           GERARD E. LYNCH,
                  *Circuit Judges.*

---------------------------------------------------------------------

IN RE: DBSD NORTH AMERICA, INCORPORATED,
                  *Debtor.*

---------------------------------------------------------------------

DISH NETWORK CORPORATION,
                  *Creditor-Appellant*,

v.

DBSD NORTH AMERICA, INCORPORATED,
                  *Debtor-Appellee*,

AD HOC COMMITTEE OF SENIOR NOTEHOLDERS, OFFICIAL COMMITTEE OF
UNSECURED CREDITORS,
                  *Creditors-Appellees.*

---------------------------------------------------------------------

SPRINT NEXTEL CORPORATION,
                  *Appellant*,

v.

DBSD NORTH AMERICA, INC., AD HOC COMMITTEE OF SENIOR NOTEHOLDERS,
OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
                  *Appellees.*

---------------------------------------------------------------------

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED IN PART and REVERSED IN PART. The emergency stay is VACATED as moot, and the motion to lift that stay is DENIED as moot.

These consolidated appeals arise out of the bankruptcy of DBSD North America, Incorporated and its various subsidiaries. The bankruptcy court confirmed a plan of reorganization for DBSD over the objections of the two appellants here, Sprint Nextel Corporation ("Sprint") and DISH Network Corporation ("DISH"). The district court affirmed.

On Sprint's appeal, we conclude that (1) Sprint has standing to appeal, and (2) that the plan violated the absolute priority rule. On DISH's appeal we find no error, and conclude (1) that the bankruptcy court did not err in designating DISH's vote, (2) that, after designating DISH's vote, the bankruptcy court properly disregarded DISH's class for voting purposes, and (3) that the bankruptcy court did not err in finding the reorganization feasible. We therefore affirm in part, reverse in part, and remand to the district court with instructions to remand to the bankruptcy court for further proceedings.

An opinion will follow in due course.

Judge Pooler dissents from this order insofar as it reverses the judgment of the district court on Sprint's appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2