627 F.3d 496 (2010)
In re DBSD NORTH AMERICA, INCORPORATED, Debtor.
Dish Network Corporation, Creditor-Appellant,
v.
DBSD North America, Incorporated, Debtor-Appellee,
Ad Hoc Committee of Senior Noteholders, Official Committee of Unsecured Creditors, Creditors-Appellees.
Sprint Nextel Corporation, Appellant,
v.
DBSD North America, Inc., Ad Hoc Committee of Senior Noteholders, Official Committee of Unsecured Creditors, Appellees.
Docket Nos. 10-1175, 10-1201, 10-1352.
United States Court of Appeals, Second Circuit.
Argued in tandem: August 5, 2010.
Decided: December 6, 2010.
Martin N. Flics, Lawrence Byrne, Paul S. Hessler, Linklaters LLP, New York, NY, for Dish Network Corporation.
Lee Ann Stevenson, Marc Jason Carmel, Yosef J. Riemer, Kirkland & Ellis LLP, Chicago, IL, for DBSD North America, Incorporated.
Andrew M. Leblanc, Risa M. Rosenberg, Milbank, Tweed, Hadley & McCloy LLP, Washington, DC, for Ad Hoc Committee of Senior Noteholders.
Theresa A. Foudy, Maryann Gallagher, Steven J. Reisman, Curtis, Mallet-Prevost, Colt & Mosle LLP, New York, NY, for Official Committee of Unsecured Creditors.
Jennifer Taylor, Evan Jones, O'Melveny & Myers LLP, San Francisco, CA, for Loan Syndications and Trading Association.
John Handy Culver, III, Eric Moser, Felton E. Parrish, K&L Gates LLP, Charlotte, NC, for Sprint Nextel Corporation.
Before: ROSEMARY S. POOLER, REENA RAGGI, GERARD E. LYNCH, Circuit Judges.
Prior report: 2010 WL 1223109.

ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED IN PART and REVERSED IN PART. The emergency stay is VACATED as moot, and the motion to lift that stay is DENIED as moot.
These consolidated appeals arise out of the bankruptcy of DBSD North America, Incorporated and its various subsidiaries. *497 The bankruptcy court confirmed a plan of reorganization for DBSD over the objections of the two appellants here, Sprint Nextel Corporation ("Sprint") and DISH Network Corporation ("DISH"). The district court affirmed.
On Sprint's appeal, we conclude that (1) Sprint has standing to appeal, and (2) that the plan violated the absolute priority rule. On DISH's appeal we find no error, and conclude (1) that the bankruptcy court did not err in designating DISH's vote, (2) that, after designating DISH's vote, the bankruptcy court properly disregarded DISH's class for voting purposes, and (3) that the bankruptcy court did not err in finding the reorganization feasible. We therefore affirm in part, reverse in part, and remand to the district court with instructions to remand to the bankruptcy court for further proceedings.
An opinion will follow in due course.
Judge POOLER dissents from this order insofar as it reverses the judgment of the district court on Sprint's appeal.